**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1327
_____

YONG SHENG ZHENG,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                          Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A073-524-429)
Immigration Judge: Paul Grussendorf
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 15, 2012

Before:  AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed August 20, 2012)
_____

OPINION
_____

PER CURIAM

        Yong Sheng Zheng ("Zheng") petitions for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will deny the petition for

review.

Zheng, a native and citizen of China, entered the United States in 1995 without inspection. He was found removable in 1996, and he was granted voluntary departure after withdrawing his asylum application. Zheng did not depart the United States. His removal proceedings later were reopened at his request, and he applied for asylum, withholding of removal, and protection under the Convention Against Torture. On November 3, 2000, and following a merits hearing, an Immigration Judge denied his applications for relief, finding that he did not testify credibly. The IJ again granted voluntary departure. On November 25, 2002, the Board of Immigration Appeals dismissed Zheng's appeal but did not reinstate the order of voluntary departure.

On November 16, 2006, nearly four years after his order of removal to China became final, Zheng filed a motion to reopen removal proceedings based on an approved visa petition filed by his United States citizen brother. On June 1, 2007, the Board denied the motion, concluding that it was time-barred. The Board noted that, had the motion been timely filed, it would have been denied anyway on the ground that Zheng was not eligible to adjust his status because a visa was not yet available.

On January 2, 2008, Zheng filed another motion to reopen based on the approved visa petition but again his priority date was not current. On April 30, 2008, the Board denied the motion as time- and number-barred. The Board declined to exercise its discretionary authority to reopen the proceedings *sua sponte*, again noting that a visa was not yet available.

At issue in the instant petition for review, on December 17, 2010, Zheng filed yet another motion to reopen removal proceedings. In this motion, Zheng claimed that he

2

had become eligible to adjust his status based on the approved visa petition because he now had a current priority date. Zheng asked the Board to *sua sponte* reopen the proceedings. He claimed that his elderly father, who is a United States citizen, would suffer hardship if he is removed because his father is ill. Zheng further argued that the time to file his motion to reopen should be equitably tolled because his former counsel failed to advise him of the consequences of failing to voluntarily depart the United States. Zheng also claimed that he was not advised by the IJ at his merits hearing in 2000 of the consequences of failing to depart. The Department of Homeland Security opposed the motion to reopen.

On January 19, 2012, the Board denied Zheng's latest motion to reopen as time- and number-barred. The Board held that Zheng did not demonstrate that any of the exceptions to the timeliness requirement, see 8 C.F.R. § 1003.2(c)(3), applied to his case. Moreover, with respect to his claim of ineffective assistance of counsel and request for equitable tolling, Zheng did not sufficiently show due diligence, prejudice, or compliance with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). Zheng did not explain why he waited over 10 years from the IJ's November, 2000 decision to complain about the IJ's failure to give notice of the consequences of failing to depart, and he did not include a copy of the disciplinary complaint he allegedly submitted to the bar concerning former counsel's conduct. As to the issue of prejudice, Zheng was not eligible for adjustment of status within the ninety-day period permitted for reopening removal proceedings, so any failure of former counsel to advise him of the consequences of failing to depart was not reasonably likely to have changed the result in his case, see

Calla-Collado v. Att'y Gen. of U.S., 663 F.3d 680, 683 (3d Cir. 2011).  Moreover, the

order of voluntary departure was not reinstated when the Board dismissed Zheng's appeal

on November 25, 2002.  Last, the Board concluded that Zheng had not shown exceptional

circumstances warranting an exercise of its discretionary authority to reopen the

proceedings *sua sponte*.  The Board recognized the evidence of hardship to Zheng's

father if Zheng is removed but found such hardship unexceptional.

Zheng has timely petitioned for review.  We have jurisdiction under 8 U.S.C. §

1252(a), (b)(1), except that we lack jurisdiction to review the Board's discretionary

decision declining to exercise its *sua sponte* authority to reopen proceedings.  See Calle-

Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).[1]  In his brief, Zheng argues that the

Board in its November 25, 2002 decision wrongfully applied 8 C.F.R. § 1240.26(h) and

erred in not reinstating the order of voluntary departure (Petitioner's Brief, at 12); and

that he is not subject to the "failure to depart" immigration benefits bar because the IJ

failed to inform him during the 2000 proceedings of the consequences of failing to

depart, in violation of due process (Petitioner's Brief, at 13).  We also lack jurisdiction to

consider these arguments.  The present petition for review, filed on February 8, 2012, is

---

[1] Zheng argues that, in considering the issue of hardship to his father, the Board failed to
consider his evidence adequately and failed to explain its decision not to exercise its
discretionary authority *sua sponte* (Petitioner's Brief, at 22).  Under the standards we set
forth in Zheng v. Att'y Gen. of U.S., 549 F.3d 260 (3d Cir. 2008), the agency must
explicitly consider any country conditions evidence that materially bears on an
applicant's claim and provide more than a cursory explanation for its decision, see id. at
268.  We have never extended Zheng's requirements to the Board's unreviewable
discretionary decisions under 8 C.F.R. § 1003.2(a).  In any event, we are satisfied that the
Board adequately considered the evidence of hardship to Zheng's United States citizen
father in declining to reopen proceedings *sua sponte*.

untimely with respect to the Board's November 25, 2002 decision, see id. at § 1252(b)(1) (providing for a 30-day period in which to file a petition for review), and the time limit for filing a petition for review is mandatory and jurisdictional, see McAllister v. Att'y Gen. of U.S., 444 F.3d 178, 185 (3d Cir. 2006). Zheng's motion in this Court to stay removal previously was denied.

We will deny the petition for review. We review the denial of a motion to reopen for an abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). The Supreme Court has stated that "[m]otions for reopening of immigration proceedings are disfavored," noting that "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Id. Under the deferential abuse of discretion standard, we will not overturn the Board's decision unless it is arbitrary, irrational, or contrary to the law. See Guo v. Ashcroft, 386 F. 3d 556, 562 (3d Cir. 2004). We uphold the Board's factual determinations underlying the denial of the motion to reopen if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Zheng v. Att'y Gen. of U.S., 549 F.3d 260, 266 (3d Cir. 2008) (quoting Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

We conclude that the Board did not abuse its discretion in determining that Zheng's motion to reopen was untimely filed and that equitable tolling was not warranted. A motion to reopen must be filed within 90 days of the entry of a final administrative order of removal. See, e.g., Pllumi v. Att'y Gen. of U.S., 642 F.3d 155, 161 (3d Cir. 2011) (citing 8 U.S.C. § 1229a(c)(7)(C)(i)). Zheng's motion, which was

5

filed approximately eight years after the entry of his final order of removal, was untimely. Moreover, Zheng does not argue that one of the statutory or regulatory exceptions applies in his case, see, e.g., 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3) (time limit for motion to reopen does not apply if motion relates to asylum application and is based on changed country conditions).

In Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005), we held that attorney conduct can provide a basis for equitable tolling of the ninety-day deadline, but failure to exercise due diligence in asserting ineffective assistance of counsel undermines any claim for equitable tolling of the motion to reopen deadline.  See also Borges v. Gonzales, 402 F.3d 398, 407 (3d Cir. 2005).  "Equitable tolling is an extraordinary remedy which should be extended only sparingly." Mahmood, 427 F.3d at 253 (quoting Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)).  Having waited more than 10 years after the IJ granted him voluntary departure in November, 2000 to complain about counsel's failure to advise him about the consequences of failing to depart, Zheng plainly cannot show that he exercised the diligence required for the doctrine of equitable tolling to apply.  Zheng argues in his brief that he did not learn of the significance of former counsel's alleged deficient performance until he consulted new counsel in 2010 (Petitioner's Brief, at 18), but counsel's alleged ineffectiveness could have been discovered well before 2010 had Zheng exercised the required diligence.  See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008) (due diligence must be exercised over entire period for which tolling is desired including the period when the ineffectiveness should

6

have been discovered). Importantly, Zheng does not allege that he was prevented in any way from discovering former counsel's alleged errors.

Zheng next argues that the Board erred in holding that he did not properly comply with the Lozada requirements because he did in fact notify prior counsel in writing about the ineffectiveness claim and he notified the bar about counsel's deficient performance (Petitioner's Brief, at 17). The Board requires that a motion to reopen based on a claim of ineffective assistance of counsel be supported by an affidavit that sets forth the agreement that was entered into with former counsel with respect to the actions to be taken, and that former counsel be informed of the allegations and allowed the opportunity to respond. Lozada, 19 I. & N. Dec. at 638. The alien must also file a disciplinary complaint with the bar, but this is not necessarily an absolute requirement under our decision in Lu v. Ashcroft, 259 F.3d 127, 134 (3d Cir. 2001). Zheng points to his minimal compliance with these requirements by providing photocopies of certified mail receipts. We doubt that this showing is sufficient to call into question the Board's conclusion that Zheng did not comply with Lozada's procedural requirements. However, even if the Board erred in concluding that Zheng failed to comply with the procedural requirements, equitable tolling only applies where the alien has diligently pursued his rights. Mahmood, 427 F.3d at 252-53; Borges, 402 F.3d at 407.

Zheng next argues that the Board erred in holding that, in any event, he suffered no prejudice as a result of his former counsel's allegedly deficient performance (Petitioner's Brief, at 18). On the contrary, he argues, he now is ineligible to adjust his status precisely because of the immigration benefits bar that applies where an alien fails

7

to depart voluntarily. Although we need not reach this issue, because, as explained, Zheng must show that he diligently pursued his rights and it is not even arguable that he has done so, we note, for his benefit, our agreement with the Board that he failed to show that any prejudice resulted from his former counsel's allegedly deficient performance. The test for prejudice in the immigration context is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Fadiga v. Att'y Gen. of U.S., 488 F.3d 142, 159 (3d Cir. 2007). The Board correctly held that there is no reasonable likelihood that the result of Zheng's case would have been different had former counsel advised him about the "failure to depart" immigration benefits bar. Zheng was not eligible for adjustment of status within the ninety day period for reopening proceedings, so any errors or omissions in former counsel's advice would not have changed the result in his case.[2] In the end, Zheng cannot show that he was prejudiced by former counsel's omissions because his third motion to reopen was time- and number-barred, and because his current prima facie eligibility for adjustment of status does not constitute an exception to the deadline for filing a motion to reopen. See 8 C.F.R. § 1003.2(c)(3).

Last, Zheng argues that the Board's January 19, 2012 decision is inconsistent with its prior decisions in his case. (Petitioner's Brief, at 19). He argues that the Board "abuses its discretion . . . when first it refused to reopen [his] proceedings because a visa number has not been allocated to [him], and when it does become available to him, [the

---

[2] As noted by the Attorney General, the Board even stated that the immigration benefits bar would have no force in Zheng's case because it did not reinstate the voluntary departure order in its November 25, 2002 decision. (Respondent's Brief, at 20 n.6.)

Board] does not want to reopen." Id. at 20.  Insofar as Zheng is arguing that the Board is estopped from applying the time-bar because of prior assurances, we reject this argument of inconsistent decisions as frivolous.  In its June 1, 2007 and April 30, 2008 decisions, the Board merely stated an alternate basis for its decision that rested on the merits of the underlying application for adjustment of status.  The Board never once held or implied that Zheng's first two untimely motions to reopen would have been deemed timely had his priority date been current.

For the foregoing reasons, we will deny the petition for review.