**IMG-200**                                    PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1624
_____

PEDRO JESUS CALLA-COLLADO,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-232-404)
Immigration Judge Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2011

Before:  RENDELL, JORDAN and VAN ANTWERPEN,
Circuit Judges

(Opinion filed: October 12, 2011)
_____

Rex Chen, Esq.
Catholic Charities of the Archdiocese of Newark
976 Broad Street
Newark, NJ 07102
    Counsel for Petitioner

Eric H. Holder, Jr., Esq.
Thomas W. Hussey, Esq.
Brooke M. Maurer, Esq.
Janice K. Redfern, Esq.
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
    Counsel for Respondent

_____

OPINION OF THE COURT
_____

PER CURIAM[1]

        Pedro Jesus Calla-Collado petitions for review of an
order of the Board of Immigration Appeals ("BIA") affirming

---

[1] This decision was previously issued as a not precedential
opinion. By separate order of this Court, that not precedential
opinion  has been vacated and Respondent's motion
to publish granted. Changes have been made to the opinion
in preparation for its publication.

the decision of the Immigration Judge ("IJ") ordering his removal. For the following reasons, we will deny the petition for review.

Calla-Collado, a native and citizen of Peru, entered the United States in 2005. In September 2007, he was arrested for driving while intoxicated.[2] Calla-Collado was unlicensed. When he arrived at police headquarters, police officers contacted Immigration and Customs Enforcement ("ICE"), and were informed that Calla-Collado was an undocumented alien. Calla-Collado was then detained in New Jersey.

Calla-Collado was placed in removal proceedings, with charges under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. He was subsequently transferred to Oakdale, Louisiana. An IJ hearing was held in Louisiana on November 19, 2007, in which Calla-Collado, through his attorney, admitted to the allegations in the Notice to Appear ("NTA").[3] He also requested a change of venue to New Jersey, which was granted.

After venue was changed to New Jersey, Calla-Collado retained new counsel and filed a motion to withdraw the pleadings and a motion for an evidentiary hearing. The IJ

---

[2] The police report indicates that Calla-Collado struck a vehicle, curb, traffic sign, and utility pole while driving under the influence.

[3] On November 6, 2007, Calla-Collado was released from ICE custody and returned to New Jersey. Consequently, he was not present at the Louisiana IJ hearing.

3

did not rule on Calla-Collado's motions. The IJ found that Calla-Collado's admission waived the issues raised in his motions. Because Calla-Collado did not apply for any additional relief, the IJ ordered him removed from the United States to Peru. The BIA dismissed Calla-Collado's appeal, finding that: (1) he failed to establish that his previous concession to removability should be suppressed; (2) his rights were not violated when he was transferred to Louisiana; and (3) that evidence of his alienage was not suppressible under the Fourth Amendment. Calla-Collado filed a petition for review of the BIA's final order of removal.

We have jurisdiction under INA § 242(a), 8 U.S.C. § 1252(a)(1). Where the BIA issues a decision on the merits, we review only the BIA's decision. However, we will look to the IJ's analysis to the extent that the BIA deferred to or adopted it. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We "will uphold the findings of the BIA to the extent that they are supported by reasonable, substantial[,] and probative evidence on the record considered as a whole, and will reverse those findings only if there is evidence so compelling that no reasonable factfinder could conclude as the BIA did." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). Our review of legal conclusions is de novo, subject to principles of deference. Wu v. Attorney Gen. of the U.S., 571 F.3d 314, 317 (3d Cir. 2009).

Calla-Collado essentially raises three arguments in his fifty-five-page brief.[4] First, Calla-Collado alleges ineffective

[4] We agree with both Calla-Collado and the Attorney General that the BIA's analysis of the suppression motions was unnecessary. The IJ's decision to remove Calla-Collado from

4

assistance of counsel.[5] He asserts that counsel conceded the allegations in the NTA without his consent and that the admission is therefore invalid. An alien is generally bound by the actions of his attorney. <u>See</u> <u>Green v. Immigration & Naturalization Serv.</u>, 46 F.3d 313, 317 (3d Cir. 1995); <u>Velasquez</u>, 19 I. & N. Dec. at 382. "[W]hen an admission is made as a tactical decision by an attorney in a deportation proceeding, the admission is binding on [the] alien client and may be relied upon as evidence of deportability." <u>Velasquez</u>, 19 I. & N. Dec. at 382. Further, a claim of ineffective assistance of counsel requires that an alien demonstrate prejudice. <u>Ponce-Leiva v. Ashcroft</u>, 331 F.3d 369, 377 (3d

---

the United States was based on Calla-Collado's admission to the allegations in the NTA, not on the information Calla-Collado alleged was improperly gathered from ICE at the time of his arrest. Thus, the suppression motions were immaterial to the IJ's decision to order Calla-Collado removed from the United States. <u>See</u> <u>In re Velasquez</u>, 19 I. & N. Dec. 377, 380 (BIA 1986). Accordingly, we will not further review the BIA's decision with respect to Calla-Collado's suppression motions.

[5] Although Calla-Collado did not use the term "ineffective assistance of counsel" in his brief to the BIA, Calla-Collado had argued to the BIA that he and counsel never discussed conceding the allegations. Thus, the BIA incorrectly stated that Calla-Collado did not raise a claim of ineffective assistance of counsel. Typically we would remand this issue to the BIA; however, when the outcome is clear as a matter of law, as it is here, remand is not necessary. <u>See</u> <u>Mahmood v. Gonzales</u>, 427 F.3d 248, 252-53 (3d Cir. 2005).

5

Cir. 2003). "For an alien to demonstrate that he suffered prejudice due to his counsel's unprofessional errors, he must show that there was a 'reasonable likelihood that the result would have been different if the error[s] . . . had not occurred.'" Rranci v. Attorney Gen. of the U.S., 540 F.3d 165, 175-76 (3d Cir. 2008) (alteration in original) (quoting Fadiga v. Attorney Gen. of the U.S., 488 F.3d 142, 159 (3d Cir. 2007)).

The admission Calla-Collado's attorney made on his behalf was binding and did not prejudice Calla-Collado. Calla-Collado stated that he and his attorney discussed changing the venue of the deportation proceeding to New Jersey. Although he alleges not to have specifically authorized his attorney to admit the allegations in the NTA, Calla-Collado acknowledged that the concession may have been a tactical decision by his attorney to obtain the desired change of venue, which was corroborated by the attorney's own statement to that effect. As in Velasquez, counsel "may have concluded that by conceding deportability he would relieve the [Immigration and Naturalization] Service of its burden of . . . prov[ing his client's] deportability and thereby heighten the chance that the Service would not oppose a change of venue." 19 I. & N. Dec. at 382. Additionally, Calla-Collado has not argued or proffered evidence that the binding admission was untrue or incorrect. If, then, the allegations to which he admitted are accurate, Calla-Collado's removal was in a sense a foregone conclusion because he alleges no plausible grounds for relief from deportation. See Fadiga v. Attorney Gen. of the U.S., 488 F.3d 142, 160 (3d Cir. 2007) ("[A] reasonable likelihood of a different outcome requires more than a showing of a plausible ground for relief from deportation." (internal quotation marks and citation

omitted)).  Consequently, Calla-Collado cannot demonstrate that his counsel's purported ineffectiveness affected the result of his deportation proceeding and therefore cannot establish prejudice.  Thus, Calla-Collado's ineffective assistance of counsel claim fails.

Second, Calla-Collado argues that his motion to withdraw the pleadings[6] should have been granted because the police officers who contacted ICE allegedly violated New Jersey Attorney General Directive 2007-3 ("AG Directive 2007-3")[7] by questioning him and contacting ICE outside of the booking process, citing In re Garcia-Flores, 17 I. & N. Dec. 325 (BIA 1980), as support.[8]  Garcia-Flores holds that deportation proceedings should be invalidated where an immigration regulation has been violated and the violation prejudiced interests of the alien that were protected by the regulation.  17 I. & N. Dec. at 328-29.  Calla-Collado alleges

---

[6] It appears that Calla-Collado uses the terms "withdraw the pleadings" and "amend the pleadings" interchangeably.

[7] Directive 2007-3 states that "[w]hen a . . . State law enforcement officer makes an arrest . . . for driving while intoxicated, the arresting officer or a designated officer, as part of the booking process, shall inquire about the arrestee's citizenship, nationality and immigration status."  Attorney General Law Enforcement Directive No. 2007-3, at 3 (Aug. 22, 2007), http://www.nj.gov/lps/dcj/agguide/directives/dir-le_dir-2007-3.pdf.

[8] Although the BIA failed to analyze this issue in its opinion, we will address it because the outcome is clear as a matter of law.  See Mahmood, 427 F.3d at 252-53.

only that a State Attorney General Directive was violated, not an immigration regulation. Therefore, Garcia-Flores does not apply. Moreover, even assuming that Garcia-Flores applies to AG Directive 2007-3 and that the police violated its terms, Calla-Collado fails to demonstrate that this alleged violation prejudiced interests of his that were protected by the directive.[9]

Third, Calla-Collado argues that his transfer to Louisiana was egregious, thereby violating his constitutional rights. He asserts that the transfer was arbitrary because he had no contacts in Louisiana. As a result, he claims to have been forced to obtain less effective counsel, rendered unable to present evidence crucial to his case, and coerced into admitting his alienage to secure a change of venue. Congress vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. See 6 U.S.C. § 202. Thus, as a part of DHS, ICE "necessarily has the authority to determine the location of detention of an alien in deportation proceedings . . . and therefore, to transfer aliens from one detention center to another." Gandarillas-Zambrana v. Bd. of Immigration Appeals, 44 F.3d 1251, 1256 (4th Cir. 1995) (citations omitted); see 8 U.S.C. § 1231(g)(1). An

[9] Because we have determined that the pleadings should not be withdrawn even if the police violated AG Directive 2007-3, additional information relating to Calla-Collado's arrest is unnecessary. Therefore, the BIA did not abuse its discretion by affirming the IJ's denial of the motion for a continuance or by not requiring the IJ to compel document production, as the purpose of these requests was to obtain information and documents regarding the arrest with which to support Calla-Collado's argument to withdraw the pleadings.

alien is guaranteed the right to counsel and the right to present witnesses and evidence at his deportation proceedings. Gandarillas-Zambrana, 44 F.3d at 1256. An alien, however, does not have the right to be detained where he believes his ability to obtain representation and present evidence would be most effective. See id.

Calla-Collado's detention in Louisiana did not violate his constitutional rights. He had the same rights and privileges at his deportation proceeding, whether in New Jersey or Louisiana. See id. He could have presented evidence or obtained different counsel at his Louisiana deportation proceeding. He instead chose to retain who he now believes was "less effective" counsel, concede the allegations, and request a change of venue. Further, he has not demonstrated any practical prejudice resulting from the November 2007 deportation hearing's location in Louisiana. Calla-Collado does not specify what evidence or witnesses he would have presented had the Louisiana hearing instead taken place in New Jersey. Moreover, he does not argue that the allegations in the NTA are incorrect. Accordingly, the BIA correctly concluded that DHS did not violate Calla-Collado's rights by transferring him from a detention facility in New Jersey to a detention facility in Louisiana.

For the foregoing reasons, we will deny the petition for review.