**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1702
_____

YINHAI SHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-789-295)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2013

Before: AMBRO, JORDAN and BARRY, Circuit Judges

(Opinion filed: July 8, 2013 )
_____

OPINION
_____

PER CURIAM

        Yinhai Shen, a citizen of the People's Republic of China, petitions for review of a

Board of Immigration Appeals (BIA) decision denying her applications for relief from

removal. For the reasons that follow, we will deny the petition in part and dismiss it in part.

I.

Shen entered the United States in 2001. In 2009, she applied for asylum and related relief based on her fear of "political persecution by the Chin[ese] communist government." Administrative Record (A.R.) 249.[1] Her claim appeared to be grounded in both her Korean ethnicity and her membership in the Chinese Democracy Justice Party (CDJP), which she allegedly joined in 2009 and for which she claimed to have written six publicly available articles that included her real name. She explained that police had visited her parents' house in China and had threatened them because of her "criminal activities" in support of the CDJP. See A.R. 249–50. The affidavit in support of her application also detailed numerous instances of purported anti-CDJP persecution by the Chinese government. See A.R. 251. Later, in 2010, Shen was served with a Notice to Appear asserting her inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), a charge she conceded and whose validity is not currently before us. See A.R. 46, 337.

After hearing testimony and accepting evidence, the Immigration Judge (IJ) denied Shen's applications for relief from removal. The IJ pointed to several

---

[1] There is some ambiguity in the record regarding whether Shen ever actually applied for relief under the Convention Against Torture (CAT). She did not check the "Torture Convention" box on her I-589, and her attorney suggested that she was applying for asylum and withholding of removal relief only. See, e.g., A.R. 47, 230. Because the agency addressed Shen's eligibility for CAT relief, we will do so as well.

inconsistencies in Shen's materials and testimony, finding both that she had not testified credibly and that she had failed to adequately corroborate her claim. See A.R. 37–39. Because Shen's claim was neither corroborated nor credible, she could not "prove that she [met] an exception to the one-year" asylum-filing deadline. A.R. 40. In the alternative, asylum relief would not be granted because Shen had failed to meet her burden of proof, a flaw that also undermined her withholding and CAT claims. A.R. 40–42.

On appeal, the BIA agreed with the IJ. It held that Shen had "not establish[ed] with credible evidence the occurrence of the events that allegedly led her to file for asylum," and thus did not show "changed personal circumstances or changed conditions in China" that would excuse the late filing of her asylum application. A.R. 3. The IJ's adverse credibility determination was ruled to be "not clearly erroneous," because the IJ "properly considered the totality of the circumstances in finding that [Shen] lacked credibility based on her demeanor, the discrepancies in the record, the lack of corroborative evidence, and the implausibility" of portions of her testimony. A.R. 3. The BIA further concluded that Shen had "otherwise failed to meet her burden of proof for the relief or protection requested," in part because she "did not sufficiently explain the absence of multiple pieces of reasonably available corroboration"; moreover, it held that the IJ appropriately conducted the three-part Abdulai v. Ashcroft, 239 F.3d 542 (3d Cir. 2001), inquiry in requiring corroboration. A.R. 4. The BIA therefore affirmed the denial

3

of relief.  Shen timely sought our review of the BIA's decision.

## II.

Subject to the exception we discuss further below, we have jurisdiction pursuant to 8 U.S.C. § 1252.  "Where the BIA issues a decision on the merits, we review only the BIA's decision[; h]owever, we will look to the IJ's analysis to the extent that the BIA deferred to or adopted it."  Calla-Collado v. Att'y Gen., 663 F.3d 680, 683 (3d Cir. 2011) (per curiam).  We will reverse the BIA's factual findings only if there is evidence so compelling that no reasonable factfinder could conclude as the BIA did.  Id. (citations omitted).  Issues of law are reviewed de novo, subject to applicable principles of deference.  Id. (citations omitted).  Because these proceedings began after May 11, 2005, the REAL ID Act applies.  Yuan v. Att'y Gen., 642 F.3d 420, 424 n.6 (3d Cir. 2011).

## III.

We turn first to the issue of timeliness.  "Under 8 U.S.C. § 1158(a)(2)(B), an alien must file an asylum application within one year of h[er] arrival in the United States," but an alien may be excused from timely filing if she demonstrates "to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect [her] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."  Jarbough v. Att'y Gen., 483 F.3d 184, 188 (3d Cir. 2007) (quoting 8 U.S.C. § 1158(a)(2)(D) in part; internal quotation marks omitted).  However, 8 U.S.C. § 1158(a)(3) strips us of jurisdiction "to review a determination that an asylum petition

4

was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." Id. (citation and internal quotation marks omitted). The REAL ID act partially restores jurisdiction "to review constitutional claims and questions of law." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) (citing 8 U.S.C. § 1252(a)(2)(D)). But "despite the changes of the REAL ID Act, factual or discretionary determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review." Id.

In determining that Shen had not filed her application in a timely fashion, the BIA appeared to defer to the IJ's timeliness analysis—and the IJ held that Shen "cannot *credibly* prove that she meets an exception to the one-year filing date," in part because she had "not corroborated" part of her "not credible" story. A.R. 40 (emphasis added). Adverse credibility determinations are findings of fact. See Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003). We therefore conclude that 8 U.S.C. § 1158(a)(3) prevents us from exercising jurisdiction over the agency's asylum determination, and we will dismiss this part of the petition for review.[2] As the "time bar does not apply to requests for withholding of removal or relief under the CAT," we may reach those claims despite the asylum application's untimeliness. Abulashvili v. Att'y Gen., 663 F.3d 197, 202 n.6 (3d Cir. 2011)

---

[2] We note, however, that we can review the credibility determination in the context of withholding of removal and CAT relief.

Although the BIA explicitly affirmed the IJ's credibility determination, it held, in the alternative, that Shen "otherwise failed to meet her burden of proof for the relief or protection requested." A.R. 4. To qualify for mandatory withholding of removal, an alien must show that it is "more likely than not" that her life or freedom would be imperiled if she returned to her country because of, inter alia, her political opinion. Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008). "An applicant for relief on the merits under the [CAT] bears the burden of establishing 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" Sevoian v. Ashcroft, 290 F.3d 166, 174–75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)).

We agree with the BIA that Shen failed to meet her burden of proof for both withholding of removal and CAT protection. The crux of Shen's claim was that her activity in support of the CJDP had attracted police attention, in the form of threatening visits to her parents. A.R. 249–50. Yet she failed to provide any corroboration of this portion of her story. Although uncorroborated testimony alone may satisfy the burden of proof, "the trier of fact may weigh it along with other record evidence and may request that the applicant provide corroborating evidence, which the applicant must do unless he 'does not have the evidence and cannot reasonably obtain it.'" Yuan, 642 F.3d at 424 n.6 (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)); see also 8 U.S.C. § 1231(b)(3)(C) (incorporating asylum burden of proof standard—including the corroboration element—into the withholding of removal analysis). The facts of the police visits to Shen's parents are

6

arguably "central" to her claim. See Chukwu v. Att'y Gen., 484 F.3d 185, 192 (3d Cir. 2007). And while Shen argues that she explained why she was unable to obtain any verification of these visits, the agency held that there was "no satisfactory explanation for its absence," Sandie v. Att'y Gen., 562 F.3d 246, 252 (3d Cir. 2009), and we are not otherwise "compelled to conclude that such corroborating evidence [wa]s unavailable," 8 U.S.C. § 1252(b)(4). She thus failed to show that persecution upon return to China was "more likely than not." The record otherwise contains absolutely no indication that Shen was clearly at risk of being tortured if returned to China. Because substantial record evidence supports the BIA's conclusion that Shen failed to meet her burden of proof, the agency's decision must stand. We therefore need not reach the adverse credibility determination.[3]

## IV.

Having carefully reviewed the record, and finding the agency's decision to be supported by substantial evidence, we will deny the petition for review in part and dismiss it in part.

---

[3] The IJ acknowledged that "credibility and corroboration are different . . . considerations," but stated that it was "difficult to avoid overlapping the . . . analysis of credibility with the . . . analysis of corroboration in this case." A.R. 37. We have generally cautioned against the "conflation of credibility and corroboration." Obale v. Att'y Gen., 453 F.3d 151, 163 (3d Cir. 2006), superseded on other grounds as stated in Patel v. Att'y Gen., 619 F.3d 230, 234 (3d Cir. 2010). Here, because the BIA was able to unravel the discrete strands of analysis for corroboration, credibility, and substantive relief, we are able to base our decision on the first and the third without examining the second.