NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2399
_____

GANNA SOLODOVNIKOVA
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Appeal from the Board of Immigration Appeals
(Agency No. 088-649-621)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2014

Before:  CHAGARES, SHWARTZ, and GARTH, *Circuit Judges*

(Opinion filed: February 19, 2014)

_____

OPINION
_____

GARTH, *Circuit Judge*.

Petitioner, Ganna Solodovnikova, appeals from a final order of removal, entered on April 18, 2013 by the Board of Immigration Appeals ("BIA") approving an order of removability, entered by the Honorable Rosalind K. Malloy, U.S. Immigration Judge ("IJ"), on February 25, 2011.

1

We have jurisdiction pursuant to 8 U.S.C. § 1252.[1]  For the reasons that follow, we will reverse the decision of the IJ and BIA.

I

Solodovnikova, a citizen of Ukraine and native of the former Ukrainian Soviet Socialist Republic, entered the United States in August 2000 after being denied asylum in Canada.  In 2008, she received a notice to appear, charging her as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i)[2] for having entered the United States without being admitted or paroled.  Represented by counsel, she conceded her removability and applied for: (1) asylum; (2) withholding of removal; and (3) relief under the Convention Against Torture ("CAT").  In support of her application, she claimed that she had been persecuted in Ukraine on account of her Baptist faith and would be subject to further persecution if she were compelled to return to her native land.

On August 4, 2010, at the merits hearing before the IJ, Solodovnikova testified that, when she was a child in Ukraine, her peers frequently beat her because of her religion, and school administrators did nothing to prevent or remedy the violence.  She further testified that, as a pregnant adult working at a state-owned factory, she was required to do hard labor, causing her to miscarry at

---

[1] As discussed *infra*, however, we lack jurisdiction to consider Solodovnikova's asylum claim.

[2] The statute provides that "an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

some point between 16 and 20 weeks.  She claimed that, in accordance with the factory's policies, pregnant women were not required to do hard labor after the first four months of pregnancy, but that this protection was only afforded to non-Baptist women.  She also testified that, in 2009, unidentified individuals vandalized her mother's home in Ukraine and defaced it with anti-Baptist graffiti.

On February 25, 2011, the IJ denied Solodovnikova's application.[3]   The IJ concluded that Solodovnikova was statutorily ineligible for asylum because she had not filed her application within one year of entering the United States and had not demonstrated either changed country conditions or extraordinary circumstances relating to the delay.  See 8 U.S.C. §§ 1158(a)(2)(B), (D).  The IJ also determined that Solodovnikova had failed to corroborate sufficiently the facts on which she based her withholding of removal claim and that she had failed to provide evidence that Baptists are persecuted in Ukraine.  Finally, the IJ held that Solodovnikova was ineligible for relief under the CAT because she had not demonstrated that it was more likely than not that she would suffer torture if she returned to Ukraine.

Solodovnikova appealed the IJ's decision to the BIA, and, on April 18, 2013, the BIA dismissed the appeal.

In its decision, the BIA affirmed the IJ's holdings that Solodovnikova's

---

[3] The IJ initially issued an oral decision soon after the removal hearing in 2010. However, on appeal, the BIA remanded the case for preparation of a complete transcript.  On remand, the IJ issued her February 2011 oral decision, which superseded the 2010 decision.

asylum application was time-barred and that she had not demonstrated the applicability of an exception to the one-year period of limitations. Relying solely on the IJ's conclusion about corroboration, the BIA also affirmed the IJ's denial of Solodovnikova's withholding of removal claim. Finally, the Board upheld the IJ's denial of relief under the CAT, concluding that Solodovnikova had not established that it was more likely than not that she would be tortured by, or with the acquiescence of, the Ukrainian government.

Presently before us is Solodovnikova's timely filed petition for review of the BIA's decision.[4]

## II

We review questions of law *de novo*, Caroleo v. Gonzales, 476 F.3d 158, 162 (3d Cir. 2007), but we "will not disturb the IJ's credibility determination and findings of fact if they are supported by reasonable, substantial and probative evidence on the record considered as a whole." Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003) (internal quotation marks omitted). We "appl[y] substantial evidence review to agency findings of fact, departing from factual findings only where a reasonable adjudicator would be compelled to arrive at a contrary conclusion." Mendez-Reyes v. Att'y Gen. of the U.S., 428 F.3d 187, 191 (3d Cir. 2005). Finally, "[w]here the BIA issues a decision on the merits, we review only the BIA's decision. However, we will look to the IJ's analysis to the extent that the BIA deferred to or adopted it." Calla-Collado v. Attorney Gen. of

---

[4] Solodovnikova's removal has been stayed pending the resolution of her petition.

4

U.S., 663 F.3d 680, 683 (3d Cir. 2011) (citing <u>Chavarria v. Gonzalez</u>, 446 F.3d 508, 515 (3d Cir. 2006)).

III

On appeal, Solodovnikova contests the BIA's rulings on each of her three claims: (1) that she is entitled to asylum; (2) that she is entitled to CAT relief; and (3) that she is entitled to withholding of removal.

A

To apply for asylum, an alien must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).

> A tardy application may be considered if the alien demonstrates to the satisfaction of the Attorney General the existence of either of the following circumstances: "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B)."

<u>Sukwanputra v. Gonzales</u>, 434 F.3d 627, 631 n. 2 (3d Cir. 2006) (quoting 8 U.S.C. § 1158(a)(2)(D)).

We generally lack jurisdiction to review the BIA's determination that an alien's asylum application is untimely and that she has failed to establish extraordinary circumstances excusing the late filing.  <u>See</u> 8 U.S.C. § 1158(a)(3); <u>Sukwanputra</u>, 434 F.3d at 634-35.  Therefore, our jurisdiction to review the BIA's denial of Solodovnikova's asylum claim is "narrowly circumscribed in that it is limited to colorable claims or questions of law."  <u>Pareja v. Attorney Gen. of U.S.</u>,

5

615 F.3d 180, 186 (3d Cir. 2010) (internal quotation marks omitted).  A claim is not colorable if "it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."  Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n. 10 (2006) (internal quotation marks and citations omitted).  To that end,

> [a] petition for review that fails to present . . . a colorable claim is nothing more than an argument that the IJ abused his discretion in determining that the petitioner did not meet the requirement of exceptional and extremely unusual hardship, which is a matter over which we have no jurisdiction.

Mendez-Castro v. Mukasey, 552 F.3d 975, 978 (9th Cir. 2009) (internal quotation marks and citation omitted), quoted in Pareja, 615 F.3d at 187.  "If a claim is frivolous . . . we lack jurisdiction to review it, no matter its label."  Pareja, 615 F.3d. at 187 (citing Jarbough v. Att'y Gen. of U.S., 483 F.3d 184, 189 (3d Cir. 2007)).

On appeal, Solodovnikova has attempted to raise both a constitutional and a legal challenge to the BIA's denial of her asylum claim.  First, she argues that the BIA erred in failing to consider her argument that the initial denial of her asylum application in Canada discouraged her from timely filing for asylum once she entered the United States.  She also asserts that the agency applied an incorrect legal standard in assessing whether extraordinary circumstances existed.

Consistent with the law of our sister Circuits, however, we have held that "despite the changes of the REAL ID Act, 8 U.S.C. § 1158(a)(3) continues to divest the court of appeals of jurisdiction to review a decision regarding whether

6

an alien established changed or extraordinary circumstances that would excuse his untimely filing." Sukwanputra, 434 F.3d at 635. Accordingly, bound by this precedent, we conclude that the vague assertions and references to "due process" that comprise Solodovnikova's argument fail to rise to the level of a "colorable claim." Therefore, we lack jurisdiction to review the BIA's determination that Solodovnikova's asylum claim is time-barred.

However, we retain jurisdiction over the other issues raised in Solodovnikova's petition pursuant to 8 U.S.C. § 1252(a)(1).

B

We turn, therefore, to the BIA's denial of relief to Solodovnikova under the CAT.

"An applicant for relief on the merits under [Article III] of the Convention Against Torture bears the burden of establishing 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" Sevoian v. Ashcroft, 290 F.3d 166, 174-175 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). Therefore, "even cruel and inhuman behavior by government officials may not implicate the torture regulations." Sevoian, 290 F.3d at 175.

"[T]orture covers intentional governmental acts, not negligent acts or acts by private individuals not acting on behalf of the government." In re J–E–, 23 I. &

7

N. Dec. 291, 299 (BIA 2002). Therefore, "'[v]iolence committed by individuals over whom the government has no reasonable control does not implicate' relief under the CAT." Valdiviezo-Galdamez v. Attorney Gen. of U.S., 663 F.3d 582, 592 (3d Cir. 2011) (quoting In re Y–L–, A–G–, R–S–R–, 23 I. & N. Dec. 270, 280 (BIA 2002). Similarly,

> the existence of a consistent pattern of gross, flagrant, or mass violations of human rights in a particular country does not, as such, constitute a sufficient ground for determining that a particular person would be in danger of being subjected to torture upon his or her return to that country. Specific grounds must exist that indicate that the individual would be personally at risk.

In re S–V–, 22 I. & N. Dec. 1306, 1313 (BIA 2000), quoted in Valdiviezo-Galdamez, 663 F.3d at 592.

Here, the agency's decision denying CAT relief is supported by substantial evidence. Solodovnikova contends that she may be subject to arbitrary arrests, beatings, and "other forms of physical attacks and mistreatment" based on anti-Baptist sentiments. In support of these claims, she relies primarily on past anecdotal evidence (*e.g.*, the vandalism, violence encountered as a child, etc.). In opposition, the Government proffered country reports and testimony asserting that the Ukranian Baptist population was on the rise and that while human rights abuses might exist in Ukraine, Solodovnikova had produced insufficient evidence to demonstrate either that: (1) she had been tortured in the past, under the relevant

statutory definition;[5] or (2) it was more likely than not that she would be tortured in the future.

Based on the record before us, we conclude that a reasonable factfinder would not be compelled to find that it is more likely than not that Solodovnikova would be tortured upon her return to Ukraine. See Mendez-Reyes, 428 F.3d at 191. Accordingly, we affirm the decision of the BIA denying Solodovnikova relief under the CAT.

## C

For the reasons that follow, however, we reach a different result with respect to Solodovnikova's withholding of removal claim. Because the BIA erred in rejecting Solodovnikova's withholding of removal claim based on her alleged failure to corroborate, we remand this matter for further proceedings in light of our precedent governing aliens' burden of providing corroborating evidence.[6]

An IJ may reasonably conclude that an applicant will corroborate facts that are central to her claim and easily subject to verification. Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony,

---

[5] See 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.").

[6] The Government challenges our jurisdiction to review the BIA's corroboration determination, arguing that Solodovnikova failed to raise it in her appeal to the Board. Because the BIA *sua sponte* reviewed the IJ's corroboration finding, we retain jurisdiction to consider the issue. See Lin v. Att'y Gen. of the U.S., 543 F.3d 114, 126 (3d Cir. 2008).

such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Further, we will not reverse a fact-finder's determination on the availability of corroborating evidence unless we conclude "that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable," 8 U.S.C. § 1252(b)(4)(D); Chen v. Gonzalez, 434 F.3d 212, 218 (3d Cir. 2005).

In order to dismiss a claim based on a lack of sufficient corroboration, an IJ or the BIA must perform the following three-step inquiry that we articulated in Abdulai:

> (1) an identification of the facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so.

Quao Lin Dong v. Att'y Gen. of U.S., 638 F.3d 223, 229-30 (3d Cir. 2011) (quoting Abdulai, 239 F.3d at 554). "We have required faithful adherence to the three-prong test," id. at 230, and "only upon such inquiry and analysis can the BIA hold the lack of corroboration against an applicant." Chukwu v. Att'y Gen. of the U.S., 484 F.3d 185, 192 (3d Cir. 2007).

Focusing on the critical need to provide an applicant with notice as well as importance of preserving a record for appellate review, "[w]e have repeatedly held that the BIA's . . . failure to engage in the three-part inquiry described above requires that the BIA's findings regarding corroboration be vacated and remanded." Toure v. Att'y Gen. of U.S., 443 F.3d 310, 323 (3d Cir. 2006) (citing

10

Voci v. Gonzales, 409 F.3d 607, 617 (3d Cir. 2005); Mulanga v. Ashcroft, 349 F.3d 123, 136 (3d Cir. 2003); Abdulai, 239 F.3d at 555); see also Chukwu, 484 F.3d at 191-92 (noting that the IJ must provide the applicant with "notice" of what corroboration will be expected).

On appeal, Solodovnikova argues that: (1) the IJ did not identify in advance of her oral decision which facts required corroboration; and (2) the IJ did not provide Solodovnikova with an opportunity to submit the required corroborating evidence. The Government counters that the IJ alerted Solodovnikova to the need to submit corroborating evidence at various points leading up to and during the removal hearing.

The Government first points to an exchange that took place between the IJ and Solodovnikova approximately eighteen months before the final removal hearing. On January 27, 2009, the IJ asked Solodovnikova what documents she intended to submit as evidence at the evidentiary hearing and suggested that Solodovnikova submit country reports from the Department of State and the World Council of Churches. While Solodovnikova did not submit this evidence, the IJ ultimately did not deny Solodovnikova's withholding of removal claim on the basis of a failure to corroborate her allegations *regarding country conditions*; instead, the IJ faulted Solodovnikova for her failure to corroborate *particular facts about her past persecution*. Therefore, the IJ's comments on January 27, 2009 do not satisfy the first step of the Abdulai test.

The Government also contends that a colloquy at the removal hearing satisfied the Abdulai requirements. During the hearing, the Government asked Solodovnikova: (1) whether she had attempted to get a letter from her mother or sister regarding conditions in Ukraine; (2) why she had not submitted proof of the factory's policies regarding accommodations for pregnant workers; (3) and whether the photographs of the alleged vandalism at her family's home had been authenticated. Solodovnikova replied that she did not seek a letter from her mother or sister and that the factory's policy was no longer available.

However, neither the Government nor the IJ asked Solodovnikova *why* she had not sought a letter or *why* she did not provide more evidence about the vandalism at her family's home, thus failing to satisfy the third prong of the Abdulai test. Further, we conclude that it would be unreasonable to expect Solodovnikova to obtain a copy of the factory's policy, given that the state-owned factory operated under a Communist regime in Ukraine more than 20 years ago.[7]

Nonetheless, following the hearing, the IJ ruled against Solodovnikova on corroboration grounds because of her failure to provide: (1) evidence from her mother, sister, or "anyone else who would be aware of the treatment she received

---

[7] We note that the change in regime that would render obtaining the employment policies impracticable might also weaken Solodovnikova's claims that her treatment at the factory provided evidence that she would suffer persecution *in the future*. However, such an inquiry is largely tangential to the issue of corroboration presently before us and does not alter our analysis here.

as a child in school;" (2) evidence of the factory's policy; and (3) evidence regarding the identity and motives of the vandals who target her family's home.

We are mindful that Solodovnikova had numerous opportunities over the course of her immigration proceedings to bolster her case by providing corroborating evidence (*e.g.*, prior to her removal hearing; at the hearing itself; on appeal to the BIA) but that she failed to do so. Nevertheless, her failure to corroborate is not sufficient in and of itself to trigger removal. We have clearly articulated the protocol to be used in such cases. We require the IJ's and BIA's "faithful adherence to the three-prong [Abdulai] test." Dong, 638 F.3d at 230. As such adherence is lacking here, we must remand this matter so that the three-step Abdulai approach may be applied properly.

Not only did the IJ raise concerns about Solodovnikova's failure to provide corroborating evidence about the particular facts of her claim for the first time at the removal hearing, but the IJ also did not provide Solodovnikova with an opportunity either to submit the required corroborating evidence or to explain her failure to submit that evidence. The IJ and the BIA therefore failed to "faithful[ly] adher[e]" to the procedure articulated in Abdulai and denied Solodovnikova the requisite notice and opportunity to be heard.[8] See Toure, 443 F.3d at 323-24 (vacating the BIA's corroboration finding where the IJ did not raise issue of

---

[8] Although the Government contends that Solodovnikova should have corroborated her claims when the BIA remanded the case to the IJ, that remand was for the limited ministerial purpose of having the IJ prepare a complete transcript of the proceedings.

corroboration until her oral decision and never gave petitioner an opportunity to explain the absence of corroborating evidence).

The judgment of the BIA will therefore be vacated, Solodovnikova's petition for review will be granted in part, dismissed in part, and denied in part, and this matter will be remanded to the BIA for further proceedings consistent with this opinion, including a remand to the IJ.