**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 14-3785
———————————

CLEIBER SOARES DE OLIVEIRA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW BOARD OF IMMIGRATION APPEALS
                                        Respondents

———————————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Steven A. Morley
(No. A205-009-807)
———————————

Submitted Under Third Circuit LAR 34.1(a)
March 16, 2015

Before: RENDELL, FUENTES, and BARRY, <u>Circuit Judges</u>

(Filed: April 2, 2015)

———————————

OPINION*
———————————

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, Circuit Judge

Petitioner Cleiber Soares de Oliveira petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's order of removal.  For the following reasons, we deny the petition.

## I.

Petitioner, a citizen of Brazil, entered the United States without inspection and has lived in the country for eleven years. He eventually was discovered and placed in removal proceedings. At the first hearing at which he was represented by counsel, he admitted the facts asserted in his Notice to Appear and conceded his removability. The hearing was continued so that counsel could determine Petitioner's eligibility for relief.

Instead of arguing for relief from removal, however, Petitioner filed a motion to withdraw the pleadings—that is, to withdraw the admission of removability—on the ground that our Court had identified widespread Fourth Amendment violations committed by Immigration and Customs Enforcement ("ICE") in a then-recent case. The Immigration Judge denied the motion in a detailed opinion and ordered Petitioner removed to Brazil. The Board of Immigration Appeals affirmed without opinion.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1); the Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3).  Where, as here, the Board affirms without opinion, "we review the [Immigration Judge]'s opinion and scrutinize its reasoning." *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003).

## III.

An individual in removal proceedings is generally bound by admissions made by his or her attorney, including a concession of removability. *See Calla-Collado v. Attorney Gen. of U.S.*, 663 F.3d 680, 683 (3d Cir. 2011) (per curiam); *Hoodho v. Holder*, 558 F.3d 184, 191-93 & n.6 (2d Cir. 2009). Petitioner argues that this case constitutes an exception to that rule. We have carefully reviewed Petitioner's claims on appeal and conclude that none of them have merit.

First, Petitioner contends that he should have been permitted to withdraw his pleadings because he did not understand the nature of the admissions. According to his brief, the hearing at which he made these admissions was conducted in Spanish despite the fact that Petitioner's first language is Portuguese. This is incorrect. Granted, at the very first hearing Petitioner attended, there was a Spanish interpreter rather than a Portuguese interpreter. Petitioner was asked if he needed time to secure counsel; he said that he did, and the judge granted a continuance. Nothing of substance was discussed, and the record indicates that Petitioner understood the judge's questions. Petitioner only conceded removability at his second hearing, where he was represented by counsel and a Portuguese interpreter was present. This was entirely proper.

Next, Petitioner argues that this Court's intervening decision in *Oliva-Ramos v. Attorney General of the United States*, 694 F.3d 259 (3d Cir. 2012), provided a basis for withdrawing his pleadings. According to Petitioner, we recognized in *Oliva-Ramos* that ICE engages in widespread violations of the Fourth Amendment, providing a new basis for him to file a motion to suppress. This argument fails for two reasons, both of which were identified by the Immigration Judge. Most significantly, Petitioner has presented no

3

evidence that ICE violated *his* Fourth Amendment rights. In his brief on appeal, he alleges that he was arrested by ICE "during a fugitive operation seeking the arrest of another alien." (Pet'r's Br. 2.) This statement is not evidence, however, and it does not allege a constitutional violation.

Furthermore, *Oliva-Ramos* did not create a suppression remedy where there was none before. Long before Petitioner's removal hearing, a majority of the Supreme Court had indicated that suppression was available in removal proceedings in the event of "egregious or widespread Fourth Amendment violations." *Oliva-Ramos*, 694 F.3d at 271-72, 274-75 (discussing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032 (1984)). Petitioner had an opportunity to make such a motion before conceding removability, but he did not take it.

Finally, Petitioner argues that the Board erred in failing to consider the equitable factors in his favor. He notes, for example, that he has lived and worked in the United States for eleven years and has no criminal history. Because Petitioner did not raise this issue before the Board (or even the Immigration Judge), we are without jurisdiction to consider it. *See Castro v. Attorney Gen. of U.S.*, 671 F.3d 356, 365 (3d Cir. 2012); *Lin v. Attorney Gen. of U.S.*, 543 F.3d 114, 119-20 & n.6 (3d Cir. 2008).

## IV.

For the foregoing reasons, we deny the petition for review.

4