**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3178
_____

ANATOLIY BEZPALKO
a/k/a Anatoliv  Bezpalko
a/k/a John Huey, Jr.,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A094-380-847)
Immigration Judge: Honorable Dorothy Harbeck
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 9, 2015
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, *Circuit Judges*.

(Filed: April 13, 2015)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Anatoliy Bezpalko, a native and citizen of Ukraine, petitions for review of the decision of the Board of Immigration Appeals affirming the denial of his application for protection under the Convention Against Torture ("CAT"), art. 3, opened for signature Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85. For the reasons discussed below, we will deny the petition for review.

I.

Bezpalko illegally entered the United States at some point prior to April 2010, when the Department of Homeland Security charged him as a removable alien present in the country without having been admitted or paroled. *See* Immigration and Nationality Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Bezpalko, represented by counsel, conceded the charge and was found removable by the Immigration Judge ("IJ"). Bezpalko subsequently applied for withholding of removal and CAT protection pursuant to 8 C.F.R § 208.16.[1]

At a November 2011 hearing on his applications, Bezpalko testified that he feared he would be mistreated if he returned to Ukraine, given what he characterized as the country's anti-Western sentiment and his extended stay in the United States. Bezpalko recounted two trips he had made from the United States to Ukraine in 2005 and 2008 in an unsuccessful attempt to find employment. Bezpalko claimed that on both occasions he was harassed by police and fined due to his failure to comply with local laws requiring

---

[1] Bezpalko initially applied for asylum as well, but he later withdrew the application after conceding that it was time-barred.

him to register a residence before obtaining employment.  Bezpalko also submitted news articles, country reports, and an expert's affidavit regarding nationalistic violence and torture in Ukraine.

The IJ denied both of Bezpalko's applications.  With respect to withholding of removal, the IJ concluded that Bezpalko had failed to demonstrate past persecution or a well-founded fear of future persecution based on protected grounds.  The IJ reasoned that Bezpalko's encounters with the police stemmed from his admitted failure to comply with the country's residence registration requirements, rather than a protected ground such as expression of a political opinion.[2]  The IJ also found that Bezpalko had failed to meet his burden for CAT protection because he had not shown a likelihood of being tortured if he returned to Ukraine.  The IJ noted that while Bezpalko feared discrimination or mistreatment (which are not covered by CAT) upon his return to Ukraine, he had not been imprisoned or tortured on either of his prior visits.

Bezpalko appealed to the Board of Immigration Appeals ("BIA"), challenging the denial of his application for CAT protection.  In June 2014, the BIA dismissed the appeal, agreeing that Bezpalko had not shown a likelihood of torture if he returned to Ukraine.  Bezpalko filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of the BIA.  We review the BIA's legal determinations *de novo* and its factual findings for

---

[2] Bezpalko does not challenge the denial of withholding of removal.

substantial evidence, departing only where a reasonable adjudicator would be compelled to arrive at a contrary conclusion. *Demandstein v. Att'y Gen.*, 639 F.3d 653, 655 (3d Cir. 2011).

## III.

To be eligible for protection under the CAT, an alien "bears the burden of establishing 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). "Torture" is defined as the intentional infliction of "severe pain or suffering . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). An alien can establish the acquiescence of the government in question by producing sufficient evidence to show that it is "willfully blind" to the torture of its citizens. *Silva-Rengifo v. Att'y Gen.*, 473 F.3d 58, 65 (3d Cir. 2007).

Bezpalko challenges the denial of his application for CAT protection on two fronts. First, he asserts that the IJ ignored the willful blindness standard announced in *Silva-Rengifo*, and instead applied an overly-rigorous legal standard. Our review, however, is limited to the correctness of the BIA's decision, and we look to the IJ's analysis only to the extent that the BIA deferred to or adopted it. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 683 (3d Cir. 2011). Here, the BIA rejected Bezpalko's claim upon finding that he "ha[d] not established . . . that it is more likely than not that he will be tortured by or with the consent or acquiescence, *including willful blindness*, of a

4

Ukrainian government official under the [CAT]." (App. at 5 (emphasis added).) Because the BIA applied the appropriate legal standard, Bezpalko's challenge to the IJ's decision is unavailing.

Second, Bezpalko contends that the BIA's decision denying CAT relief is not supported by substantial evidence. We disagree. The BIA noted that even crediting Bezpalko's testimony, he "was not significantly mistreated when he previously travelled to Ukraine" in 2005 and 2008. (*Id.* at 6.) Instead, he was fined and harassed by police "because he lacked a household registration, a violation of Ukrainian law . . . ." (*Id.* at 5.) The BIA further concluded that Bezpalko's documentary evidence did not establish that Ukrainian citizens are routinely persecuted and tortured after returning from the United States. On this record, a reasonable adjudicator would not be compelled to conclude that it is more likely than not that Bezpalko would be tortured if he was removed to Ukraine. *Demandstein*, 639 F.3d at 655.

IV.

For the aforementioned reasons, we will deny Bezpalko's petition for review.