**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1755
_____

MIRIAN SUYAPA CORTES-MENDOZA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A098-348-808)
Immigration Judge: Laura Pierro
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 9, 2026
_____

Before: CHAGARES, <u>Chief Judge</u>, SCIRICA and RENDELL, <u>Circuit Judges</u>

(Filed: February 10, 2026)
_____

OPINION[*]
_____

CHAGARES, <u>Chief Judge</u>.

     Mirian Suyapa Cortes-Mendoza petitions for review of an order by the Board of

---

[*] This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

Immigration Appeals ("BIA"), which dismissed her appeal from an Immigration Judge's ("IJ") denial of a motion to reopen. Because the BIA did not abuse its discretion, we will deny the petition for review.

## I.[1]

Cortes-Mendoza is a native and citizen of Honduras. She entered the United States in 2004 and was placed in removal proceedings; when she failed to attend her hearing, the IJ ordered her removal in absentia. She moved to reopen nearly two decades later, in February 2023, claiming changed country conditions in Honduras and requesting the discretionary exercise of sua sponte reopening. See 8 C.F.R. §§ 1003.2(b)(1), (c)(3). The IJ issued a brief order denying the motion. The BIA dismissed Cortes-Mendoza's appeal. This timely petition for review followed.

## II.[2]

Cortes-Mendoza claims that the agency abused its discretion by denying reopening, committed legal error by declining to grant sua sponte relief, and violated her right to due process. We address her three arguments in turn.

## A.

Motions to reopen immigration proceedings are disfavored and are granted only under compelling circumstances. Darby v. Att'y Gen., 1 F.4th 151, 159 (3d Cir. 2021).

---

[1] We write for the parties and therefore recite only those facts pertinent to our decision.
[2] We have jurisdiction to review the denial of reopening. Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). Where, as here, the BIA issues a decision on the merits, we review the BIA's decision alone, unless the BIA deferred to or adopted the IJ's analysis. See Calla-Collado v. Att'y Gen., 663 F.3d 680, 683 (3d Cir. 2011).

We review the denial of a motion to reopen for abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The decision will be reversed only if it is arbitrary, irrational, or contrary to law. Id.

Cortes-Mendoza claims that the IJ abused its discretion by failing to provide an adequately reasoned decision and by failing to discuss the evidence that she submitted in support of her motion. She acknowledges, however, that the BIA determined that her motion was procedurally defective because she failed to submit the necessary application for relief. See 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.").

The BIA does not abuse its discretion when it denies a motion to reopen for failure to comply with procedural requirements. Gen Lin v. Att'y Gen., 700 F.3d 683, 688–89 (3d Cir. 2012). Cortes-Mendoza recognizes this holding but argues that we should create an exception in her case because her underlying removal order was entered in absentia. Yet she offers no explanation for failing to submit a relief application, and we discern no relationship between that failure and the in absentia removal order that was entered nearly twenty years ago. We see no basis for creating the exception she seeks and conclude that the BIA did not abuse its discretion in upholding the denial of her procedurally defective motion to reopen.

B.

The BIA may exercise its discretion to reopen immigration proceedings where a motion to reopen does not meet all procedural requirements, through a process known as

"sua sponte" reopening. See Darby, 1 F.4th at 164 n.3. Because sua sponte reopening is discretionary, we generally lack jurisdiction to review such a decision. Id. at 164. We do, however, retain jurisdiction if the denial of sua sponte reopening relies on an incorrect legal premise. Id.

Cortes-Mendoza claims that the agency committed a legal error by failing to adequately explain its denial of sua sponte reopening. The BIA stated, however, that it fully considered Cortes-Mendoza's claims and concluded that she did not establish exceptional circumstances warranting the extraordinary remedy of reopening. We discern no misperception of law by the BIA in this discussion, so there is no issue over which we have jurisdiction.

C.

In the immigration context, due process entitles a petitioner to a full and fair hearing and a reasonable opportunity to present evidence. Romanishyn v. Att'y Gen., 455 F.3d 175, 185 (3d Cir. 2006). To prevail on a due process claim, a petitioner must demonstrate that she suffered substantial prejudice as a result of the due process violation. Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). We review the BIA's denial of a due process claim de novo. Fadiga v. Att'y Gen., 488 F.3d 142, 153–54 (3d Cir. 2007).

Cortes-Mendoza claims that the agency violated her right to due process by failing to provide a detailed opinion, by failing to discuss her evidence, and by relying on the procedural defect in her motion. As we have already discussed, however, Cortes-Mendoza was not entitled to reopening because her motion was procedurally defective.

4

She therefore cannot show that she suffered substantial prejudice due to its denial.  See

Bonhometre, 414 F.3d at 448 (observing that a due process claim cannot succeed if the

petitioner cannot demonstrate eligibility for relief).  The BIA therefore properly denied

the due process claim.

III.

For the foregoing reasons, we will deny the petition for review.